IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

PAULA DEMPSEY,

                Plaintiff,

v.                                                CIVIL ACTION NO.   5:17-cv-01738

NATIONSTAR MORTGAGE, LLC,

                Defendant.

**MEMORANDUM OPINON AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 11), the *Plaintiff's Memorandum in Support of Her Motion to Remand* (Document 12), the *Response of Defendant Nationstar Mortgage LLC to Plaintiff's Motion to Remand* (Document 16), and the *Plaintiff's Reply in Support of Her Motion to Remand* (Document 17). The Court has also reviewed the *Defendant Nationstar Mortgage LLC's Motion to Dismiss for Improper Venue* (Document 8) and *Memorandum in Support* (Document 9), the *Plaintiff's Response to Defendant Nationstar Mortgage LLC's Motion to Dismiss for Improper Venue* (Document 14), and the *Defendant Nationstar Mortgage LLC's Reply Memorandum in Support of Its Motion to Dismiss for Improper Venue* (Document 15). Finally, the Court has reviewed the Plaintiff's *Complaint* (Document 1-1) and the Defendant's *Notice of Removal* (Document 1) together with all attached exhibits. For the reasons stated herein, the Court finds that the Plaintiff's motion to remand should be granted and the Defendant's motion to dismiss should be terminated as moot.

1

# PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, Paula Dempsey, filed her complaint in the Circuit Court of Raleigh County, West Virginia, on April 29, 2016. Ms. Dempsey named Nationstar Mortgage, LLC ("Nationstar") as the Defendant. Nationstar removed the case to federal court on March 9, 2017, asserting diversity jurisdiction. Ms. Dempsey was a resident of West Virginia at the time of the filing of the complaint, but is now a resident of Florida. Nationstar is a limited liability company organized under the laws of Delaware, and has its principal place of business in Texas.

Ms. Dempsey alleges that in a previous lawsuit before the Circuit Court of Raleigh County, West Virginia, she and the Defendant entered into a Settlement Agreement dated November 19, 2014. (Pl.'s Compl. at ¶ 2.) After that settlement agreement was executed, however, the Defendant "continued to send statements, letters and notices to Plaintiff which claimed the Plaintiff was still indebted to Defendant." (*Id.* at ¶ 4.) Ms. Dempsey alleges that the Defendant's actions both breached the settlement agreement and violated the West Virginia Consumer Credit Protection Act ("WVCCPA"), specifically W.Va. Code §§ 46(A)-2-127(d) and 46(A)-2-128(e).

On March 29, 2017, the Defendant filed its motion to dismiss the action for improper venue. While that motion was pending, and before filing any response, the Plaintiff filed her motion to remand on April 10, 2017, asserting that the Defendant's notice of removal was not timely filed, and that the Defendant has failed to prove that the amount in controversy exceeds $75,000. The Defendant filed its response on April 19, 2017, and the Plaintiff filed her reply on April 26, 2017. The Plaintiff filed her response in opposition to the Defendant's motion to dismiss on April 12, 2017, and the Defendant replied on April 19, 2017. Both motions are fully briefed and ripe for review.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days after receipt of the initial pleading. However, Section 1446 also states as follows:

> If the case stated by the initial pleading is not removable, notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction

---

[1] Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

>conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiff asserts in her motion to remand that the Defendant's notice of removal was untimely filed, that the Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, and that she should be awarded attorney fees.

*A. Timeliness of Removal*

In arguing that the Defendant's notice of removal was not timely filed, the Plaintiff states that the Defendant relied on the "other papers" portion of Section 1446 in removing the case to this Court, but that the "other papers" upon which the Defendant relied were actually papers the

Defendant had in its possession and had generated itself. Because the Defendant generated the papers and subsequently received them by way of the Plaintiff's discovery responses, the Plaintiff argues that those papers were not papers from which the Defendant could have "first ascertained that the case is one which is or has become removable" as described in Section 1446.

The Defendant counters that, although the "other papers" it relied on in its notice of removal were indeed records originally generated by it, it cannot be held to its alleged subjective knowledge in determining when a case is or becomes removable. The Defendant contends that the case was not originally removable based on the Plaintiff's complaint, and that it was not aware that diversity jurisdiction was satisfied until it received the Plaintiff's discovery responses. Thus, the Defendant asserts that its notice of removal was timely and appropriately filed.

The Court finds that the Defendant's removal was timely. According to the Fourth Circuit, courts considering removal are not required "to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). "Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal . . . ." *Id.* In *Adkins v. Wells Fargo Bank, N.A.*, No. CIVA 5:09-CV-01333, 2010 WL 1780255 (S.D.W. Va. May 3, 2010), this Court applied the Fourth Circuit's holding in a circumstance similar to that in the case at hand. In *Adkins*, after one unsuccessful attempt to remove the case to federal court, the defendant again attempted to remove based on "other papers" it received during the discovery process. The plaintiff argued that removal based on those papers was inappropriate because they were papers that the defendant itself had originally generated and the plaintiff returned in discovery

5

responses. *Id.* at *2-3. The defendant argued that regardless of its generation and possession of the papers originally, it was the defendant's receipt of them in discovery responses that first alerted the defendant that the case was removable. *Id.*

This Court agreed with the defendant and held that "the time period to remove an action does not depend on a defendant's actual knowledge as the basis of the removal, but is governed by the service of the pleading." *Id.* at *6 (citing *Lovern*, 121 F.3d at 162). Specifically, in response to the plaintiff's argument that the defendant should have removed when it became aware of its own records rather than receiving those records from the plaintiff, this Court held that "[a] defendant's right to remove, under [Section 1446], is predicated upon the '*receipt* by the defendant' of 'an amended pleading, motion, order or other paper' which evinces that the case is removable." *Id.* (emphasis added). To find otherwise "would lead to a mini-trial on the subject which is the basis of this litigation…" *Id.* at *7.

Similarly, the Defendant here removed based on receipt of discovery responses from the Plaintiff, and the Plaintiff contends that the Defendant could not use this as the basis of its timely removal because the Defendant had those papers in its own records. As in *Adkins*, the Court finds that "it is not the role of the court, at this juncture in the litigation, to inquire into the subjective knowledge of the [D]efendant." *Adkins*, 2010 WL 1780255, at *6. Although the Defendant may well have been aware that it was facing potential statutory penalties for alleged contacts with the Plaintiff, its subjective knowledge of the amount in controversy was irrelevant at the time it generated its own records and sent them to the Plaintiff. *See*, *Bowyer v. Countrywide Home Loans Servicing LP*, No. CIV.A. 5:09-CV-00402, 2009 WL 2599307, at *4 (S.D.W. Va. Aug. 21, 2009) (Johnston, J.). Until those documents were received by the Defendant on February 7, 2017, and

6

therefore placed into the record, the Defendant's knowledge of them was not dispositive. The notice of removal filed on March 9, 2017, was timely.

Therefore, because the Defendant received the discovery responses from the Plaintiff on February 7, 2017, and subsequently filed its notice of removal on March 9, 2017, the removal was timely.

### B. Amount in Controversy

The Court's inquiry as to remand does not end there, however. The Defendant must also demonstrate that this Court has diversity jurisdiction over the case, and the Plaintiff argues that the Defendant has failed to do so. The Plaintiff argues that the Defendant's reliance on the forty-two documents produced by the Plaintiff in discovery responses is misguided because Ms. Dempsey was not a resident of West Virginia during all of the listed correspondences, and therefore cannot recover damages under the WVCCPA for all forty-two documents. The Plaintiff also asserts that the Defendant relies on the Plaintiff's claim for punitive damages to calculate an amount in controversy that exceeds $75,000. However, the Plaintiff argues that the Defendant knew from the Plaintiff's original complaint that punitive damages were being sought, and that reliance on the punitive damages claim therefore negates the Defendant's need to rely on the papers it received in the Plaintiff's discovery responses. The Plaintiff further argues that the Defendant relies on additional telephone calls to the Plaintiff, that amount to $8,000 worth of statutory damages, but fails to cite any evidence of such telephone calls.

The Defendant makes no mention of the lack of evidence to support its claim of additional phone calls, and counters that "the Court may include compensatory damages, statutory damages, punitive damages, and attorney fees" when calculating the jurisdictional amount in controversy.

(Def.'s Resp. in Opp. at 9.) The Defendant asserts that its notice of removal appropriately provided evidence of the potential award if the Plaintiff was successful, and that its reliance on the Plaintiff's claim for punitive damages is appropriate. The Defendant also argues that it was unsure of the Plaintiff's residency at the time of the filing of the complaint, but later learned of her Florida residency in discovery responses after filing its notice of removal. According to the Defendant, the Plaintiff's discovery responses indicated that each document the Plaintiff produced amounted to a WVCCPA violation and that she would seek the maximum civil penalty for each one.

The Court finds that the Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. "To satisfy its burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. Instead, a defendant seeking removal must 'supply evidence to support its claim regarding the amount at issue in the case.'" *Cty. of Wyoming, W. Va. v. U.S. Bank Nat. Ass'n, N.A.*, No. 5:12-CV-01465, 2013 WL 622144, at *5 (S.D.W. Va. Feb. 19, 2013). Here, the Defendant has failed to meet this burden. The Defendant's notice of removal mentions alleged telephone calls made by the Defendant in addition to the correspondences provided by the Plaintiff that bring the value of alleged violations to $50,000, but provides no evidence of such phone calls. Further, the Defendant itself admits that after it filed its notice of removal, it received discovery responses indicating that the Plaintiff is a resident of Florida and was at the time of many of the correspondences between the two parties. The Defendant has supplied no evidence showing that all of the alleged violations occurred while the Plaintiff was a West Virginia resident such that the WVCCPA would apply to her. Without such evidence, the Defendant fails to carry its burden of

proving by a preponderance of the evidence that the amount in controversy before this Court would exceed $75,000.

Regardless of whether the Plaintiff concedes or stipulates to an amount in controversy, as the Defendant argues the Plaintiff ought to do, the Defendant carries the burden of supplying evidence beyond a bare assertion that the amount in controversy exceeds $75,000. The Court finds that the Defendant has failed to provide such evidence here, and therefore the Plaintiff's motion to remand should be granted. Because the Court finds that the motion to remand should be granted, the Court need not consider the Defendant's motion to dismiss for improper venue, and the motion should be terminated as moot.

### C. Attorney Fees

Finally, the Plaintiff argues that she is entitled to her reasonable attorney fees. Ms. Dempsey argues that there was no good-faith basis for the Defendant's removal, and that it was done simply because the Defendant had previously lost a motion to dismiss in state court. Ms. Dempsey asserts that the removal occurred twelve days prior to a hearing on her motion to compel, and that the removal was an improper attempt to avoid these issues. The Defendant counters that it did indeed have an objectively reasonable basis for its removal because the Plaintiff's complaint did not set forth any amount in controversy, and that the Plaintiff has failed to show how the Defendant lacked an objectively reasonable basis when it filed its notice of removal.

According to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts *may* award attorney's fees

9

under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). However, an attorney's fees award is not automatic upon remand. The "may" language in both Section 1447 and in *Franklin* indicates that a district court has discretion in awarding legal fees in remand scenarios. The *Franklin* court explained that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under 1447(c)." *Id.*

After careful consideration of the briefs and of the Defendant's basis for removal, the Court cannot find that the Defendant acted in an objectively unreasonable manner such that attorney fees would be appropriate. The Plaintiff's complaint did not contain any information concerning the amount in controversy that would have made the case removable originally, and the Defendant relied on other papers in discovery responses later in litigation. As stated above, it was not the Defendant's responsibility to ascertain removal based on its own records. Further, the Defendant admits that it was not until after it filed its notice of removal that it became fully aware that the Plaintiff was no longer a West Virginia resident, and thus it was not unreasonable to argue at the time of its removal that all correspondences would amount to violations of the WVCCPA. Therefore, the Plaintiff's request for attorney fees and costs should be denied.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 11) be **GRANTED** insofar as it seeks to remand the case to the Circuit Court of Raleigh County, West Virginia, and **DENIED** insofar as it seeks attorney fees. The Court further **ORDERS** that the *Defendant Nationstar Mortgage LLC's Motion to Dismiss for Improper Venue* (Document 8) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk for the Circuit Court of Raleigh County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: December 1, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA